RECEIVED FOR FILING
KITSAP COUNTY CLERK

AUG - 7 2019

ALISON H. SONNTAG

SUPERIOR COURT OF WASHINGTON
IN AND FOR KITSAP COUNTY

VAPORPATH, INC., a Washington
corporation,

                       Plaintiff,

    v.

WNA, INC., a Delaware Corporation, and
NOVOLEX HOLDINGS, LLC, a Delaware
limited liability company,

                       Defendants.

No.    19-2-02237-18

COMPLAINT FOR DAMAGES

Plaintiff Vaporpath, Inc. ("Vaporpath"), through its attorneys of record, alleges and states as follows.

## I.    PARTIES

1.    Vaporpath is a Washington corporation with a principal place of business in Bainbridge, Island, WA.

2.    Defendant Novolex Holdings, LLC ("Novolex"), is a Delaware limited liability company.

3.    Defendant WNA, Inc. ("WNA") is a Delaware corporation with a principal place of business in Kentucky.  WNA is a subsidiary of Novolex (collectively "Defendants').

COMPLAINT FOR DAMAGES – 1

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900





EXHIBIT A
PAGE 1 OF 10

## II.   JURISDICTION AND VENUE

4.     This Court has personal jurisdiction over Defendants because they purposefully sold products to and/or did business in Washington, communicated with Vaporpath and/or transacted business with Vaporpath in Washington.

5.     This Court has subject matter jurisdiction as a court of general jurisdiction under RCW 2.08.010.

6.     Venue is proper in Kitsap County as the underlying transaction arose in Kitsap County, Vaporpath is a Washington company doing business in Kitsap County, and the parties consented in their agreement to the venue of courts in Kitsap County.

## III.   FACTUAL ALLEGATIONS

7.     Vaporpath designs and sells single-use coffee cup lids.  Specifically, Vaporpath is the inventor and developer of the Viora Lid.  While conventional lids force a coffee drinker to suck coffee through the drink opening like a straw, the Viora Lid mimics the experience of drinking out of an open-topped cup while still preventing spills.

8.     WNA holds itself out to the public as a company that "offers a broad range of upscale and casual serviceware solutions for the foodservice industry" and "has several manufacturing facilities strategically located throughout North America utilizing various technologies including injection molding, thermoforming, metalizing and decorating." Defendant further represents that its "in-house packaging design engineers will work with you to develop the product that is right for your application.  If we do not have a stock product that fits your needs, we can develop a custom product or special pack, manufacture in a custom color or material, and/or customize with printing or embossing."

9.     Novolex holds itself out to the public as "one of North America's leaders in packaging choice and sustainability serving retail, grocery, food service, hospitality, institutional

COMPLAINT FOR DAMAGES – 2

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900



EXHIBIT A
PAGE 2 OF 10

and industrial markets. Novolex's™ packaging brands are leaders in the markets they serve due to their innovation, diversity of products, and dedication to sustainability and quality embraced by the nearly 10,000 Novolex™ families."

10. Effective March 18, 2016, Vaporpath and WNA entered into a sales contract for the supply of Viora Lids sized for 8 oz and 12 oz cups. Each Vaporpath purchase order was subsequently placed pursuant to the Vaporpath Standard Terms and Conditions of Purchase, which were included with each purchase order. The March 18, 2016 sales contract, together with Vaporpath's Standard Terms and Conditions of Purchase collectively make up the parties' Agreement.

11. In the March 18, 2016 sales contract, WNA agreed that "[a]ll product shipped by the Seller will be free of defect and will comply with agreed specifications." It further required WNA to maintain minimum stock quantities.

12. By agreeing to Vaporpath's Standard Terms and Conditions of Purchase, WNA expressly warranted that all goods it furnished "shall conform to all specifications and appropriate standards, will be new, and will be free from defects in material or workmanship", that all goods provided "will be merchantable, and will be safe and appropriate for the purpose for which goods or services of that kind are normally used" and that "if Seller knows or has reason to know the particular purpose for which Buyer intends to use the goods . . . that such goods or services will be fit for such particular purpose."

13. The parties' March 18, 2016 Agreement required Vaporpath to purchase production tooling for 8 oz. and 12 oz. sized lids at a cost of $445,000. WNA agreed to "invest in the necessary upgrades to 'make ready' existing production line to run" the tool while it was being built.

COMPLAINT FOR DAMAGES – 3

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900



EXHIBIT A
PAGE 2 OF 10

14.     Vaporpath placed its first purchase order for 6,630 cases of lids on August 2, 2016. WNA's first delivery arrived at Vaporpath's warehouse on September 21, 2016.

15.     Problems arose almost immediately after WNA began delivering lids. In February 2017, a manufacturing issue arose that led to contamination of customer lids with scrap plastic. Vaporpath had to dispose of nearly 800 cases of defective lids that it found in its inventory.

16.     In November 2017, Vaporpath received reports from customers of lids falling off cups and hot beverages spilling as a result. These defective lids were due to a cold forming problem in WNA's manufacturing process. This defect forced Vaporpath to dispose of over 2,200 cases of suspect lids it had in its inventory and to request customers to return or dispose of hundreds more cases of lids. Unfortunately, one of Vaporpath's largest and most prestigious customers, La Colombe, stopped using Viora Lids in part due to this defect.

17.     In June 2018, Vaporpath had a wave of customer complaints because lids manufactured and shipped by WNA had vent holes missing (which prevented a regular flow of coffee from the lids). Vaporpath had to dispose of over 1,600 cases of suspect lids that it found in its inventory and to request customers to return or dispose of hundreds more cases of lids.

18.     Starting in August 2018, Vaporpath began working with Waypoint Solutions as its exclusive manufacturer's representative in North America. Vaporpath spent over $75,000 developing this relationship. Beginning in January 2019, there was a significant expansion in the sales pipeline for the Viora Lid through this relationship with Waypoint. Unfortunately, that pipeline quickly closed due to the production issues discussed below.

19.     Starting on January 16, 2019, Vaporpath began receiving notices from customers that its lids did not fit onto cups and were unexpectedly falling off – causing a potential safety issue for consumers. The manufacturing defect in this case was similar to the defect from November 2017.

COMPLAINT FOR DAMAGES – 4

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900



EXHIBIT A
PAGE 4 OF III

20.     As soon as it received these reports, Vaporpath inspected its inventory of lids delivered by WNA.  It found multiple instances of lids that were formed with minimal or even no "undercut" (the portion of the plastic lid that grips onto the rim of a coffee cup).  These instances indicated a loss in quality control by WNA.

21.     Vaporpath contacted WNA about the defects and sent WNA samples of defective lids. Despite the customer reports and the samples provided by Vaporpath, WNA initially denied there was any defect in its manufacturing process.  It eventually admitted that its testing procedures had been inadequate and claimed that it would change those procedures.

22.     Due to the potential safety issues created by these defective lids, Vaporpath had no choice but to advise all of its customers who had received defective lids from recent production runs to stop using them.

23.     On January 25, 2019, WNA represented to Vaporpath that it was manufacturing lids without defect and that it would begin shipping replacement lids on January 28, 2019. Relying on these representations, Vaporpath informed its customers that replacement lids would be shipped the week of January 28.

24.     However, on January 29, 2019, WNA informed Vaporpath that it had not been able to make properly formed lids due to a critical failure of its production line hardware.  Vaporpath also learned at this time that the production line had been deteriorating for several months.

25.     WNA continued to provide assurances to Vaporpath, representing that it was making temporary repairs and would be able to ship lids without defect beginning February 4, 2019.

26.     On February 5, 2019, WNA informed Vaporpath that it was only able to manufacture 120 cases of lids before its "temporary" repairs failed. This was far short of the 4,500 cases Vaporpath needed to fill outstanding orders.

COMPLAINT FOR DAMAGES – 5

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900


EXHIBIT A
PAGE 5 OF 10

27.     On February 7, 2019, WNA informed Vaporpath that it would be unable to manufacture lids for at least 4-6 weeks.

28.     The next day, February 8, 2019, WNA informed Vaporpath that it would be 12-14 weeks before WNA could manufacture non-defective lids.

29.     In addition to the major quality issues noted above, Vaporpath has suffered a number of more minor quality issues.  These issues have included receipt of cases with multiple, conflicting date code labels, cases with no label or date code, and cases labeled with the wrong lid color.  These issues caused Vaporpath to lose valuable staff time and to incur additional warehouse and shipping expenses.

30.     In addition, WNA has failed to fill purchase orders in a timely fashion, even though the parties' Agreement obligates WNA to keep minimum stock levels on hand.  For example, in November 2018, it took WNA over a month to fulfill a single purchase order.

31.     In an effort to maintain a good relationship with WNA and to keep production of lids moving, Vaporpath told WNA that it would accept a credit rather than a refund of payments for defective lids.  WNA promised, but failed to provide any credit.

32.     On February 13, 2019, Vaporpath sent WNA a letter setting forth the multiple breaches by WNA of the parties' agreement that are discussed above and notifying WNA that, as a result, it was forced to suspend its business.

33.     WNA – through a representative from its parent, Novolex – responded by letter on May 23, 2019.  In that letter, WNA refused to recognize the harms that its breaches had caused Vaporpath.  It claimed to have found "an alternative supplier" for Vaporpath – but ignored the facts that (i) the alternative supplier did not have a machine capable of incorporating the 8 ounce/12 ounce Combo Tool Vaporpath paid nearly $500,000 to have manufactured, or (ii) the

COMPLAINT FOR DAMAGES – 6

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900


EXHIBIT A
PAGE 6 OF 10

alternative supplier would need to use a material that was different from, and of lower quality than, the materials intended to be used when manufacturing the Viora lid.

34.     WNA also claimed that it had 5,500 cases of Viora lids in its inventory and demanded that Vaporpath issue a purchase order for these materials. WNA ignored the facts that (i) these lids were from the same production timeframe as the defective lids that had caused safety issues for Vaporpath's customers, and thus could not be used, and (ii) WNA's own quality control staff had inspected the lids and deemed them unfit for sale.

## IV.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION: BREACH OF CONTRACT

35.     Plaintiff repeats and realleges paragraphs 1 through 34 as if fully set forth herein.

36.     The Agreement between Vaporpath and Defendants is a valid contract.

37.     Defendants breached the Agreement by failing to make timely deliveries, failing to deliver lids as requested, and delivering defective lids, as discussed in more detail, *supra*.

38.     Vaporpath provided notice of Defendants' breaches.

39.     Vaporpath has suffered damages as a result of Defendants' breaches in an amount to be determined at trial, including without limitation amounts paid for defective products, shipping, warehousing and related expenses, loss of the value of the tool built for Defendants' use, and additional consequential and incidental damages such as lost profits and loss of goodwill.

### SECOND CAUSE OF ACTION: BREACH OF EXPRESS WARRANTY

40.     Plaintiff repeats and realleges paragraphs 1 through 39 as if fully set forth herein.

41.     The Agreement contains an express warranty that all goods furnished would conform to all specifications and appropriate standards, would be free from defects in material or workmanship, and that all goods would be adequately packaged, marked and labeled.

COMPLAINT FOR DAMAGES – 7

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900



EXHIBIT A
PAGE ___ OF ___

42.     Defendants breached their express warranties by delivering defective lids and by delivering goods that were not adequately packaged, marked and labeled.

43.     Vaporpath has suffered damages as a result of Defendants' breaches in an amount to be determined at trial, including without limitation amounts paid for defective products, shipping, warehousing and related expenses, loss of the value of the tool built for Defendants' use, and additional consequential and incidental damages such as lost profits and loss of goodwill.

### THIRD CAUSE OF ACTION:  BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

44.     Plaintiff repeats and realleges paragraphs 1 through 43 as if fully set forth herein.

45.     The Agreement contains an implied warranty of merchantability that the lids provided by Defendants would be merchantable, safe, and appropriate for the purpose for which goods of that kind are normally used.

46.     Defendants breached this implied warranty of merchantability by delivering defective lids that did not fit onto cups.

47.     Vaporpath has suffered damages as a result of Defendants' breaches in an amount to be determined at trial, including without limitation amounts paid for defective products, shipping, warehousing and related expenses, loss of the value of the tool built for Defendants' use, and additional consequential and incidental damages such as lost profits and loss of goodwill.

### FOURTH CAUSE OF ACTION:  BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

48.     Plaintiff repeats and realleges paragraphs 1 through 47 as if fully set forth herein.

49.     The Agreement contains an implied warranty of fitness for a particular purpose, and Defendants knew of the purpose for which Vaporpath purchased the lids.

COMPLAINT FOR DAMAGES – 8

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900


EXHIBIT A
PAGE 8 OF 10

50.     Defendants breached this implied warranty of merchantability by delivering defective lids that did not fit onto cups.

51.     Vaporpath has suffered damages as a result of Defendants' breaches in an amount to be determined at trial, including without limitation amounts paid for defective products, shipping, warehousing and related expenses, loss of the value of the tool built for Defendants' use, and additional consequential and incidental damages such as lost profits and loss of goodwill.

### FIFTH CAUSE OF ACTION:  CONSUMER PROTECTION ACT

52.     Plaintiff repeats and realleges paragraphs 1 through 51 as if fully set forth herein.

53.     The acts described of in this Complaint were undertaken by Defendants in the course of their trade and/or commerce, directly or indirectly affecting commerce in the state of Washington.

54.     Defendants committed unfair and/or deceptive acts and practices and violated the Washington State Consumer Protection Act, RCW 19.86.020, by making untrue representations, selling Plaintiff defective products that posed safety hazards to the public, breaching the warranties at issue, and refusing to provide a credit to Plaintiff when it became obvious that its products were defective.

55.     Defendants' acts are injuries to the public interest because they had the capacity to injure other persons.

56.     Defendants' unfair and/or deceptive acts or practices proximately caused injury to Plaintiff's business and/or property.

57.     Plaintiff is entitled to recover actual damages, a trebling of those damages, and the costs (including attorneys' fees) of this lawsuit.

### V.     REQUEST FOR RELIEF

Plaintiff requests relief as follows:

COMPLAINT FOR DAMAGES – 9

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900



EXHIBIT A
PAGE 9 OF 10

a.  Damages in an amount to be determined at trial, plus interest;

b.  An award of treble or exemplary damages;

c.  For an award of Plaintiff's attorneys' fees and costs, and

d.  For such other and further relief as the Court may deem just and equitable.

DATED this 6th day of August, 2019.

CORR CRONIN LLP

Blake Marks-Dias, WSBA No. 28169
Jeff Bone, WSBA No. 43965
1001 Fourth Avenue, Suite 3900
Seattle, WA 98154
(206) 625-8600 Phone
Email: bmarks-dias@corrcronin.com
       jbone@corrcronin.com
Attorneys for Plaintiff Vaporpath, Inc.

COMPLAINT FOR DAMAGES – 10

1598 00001 jg25f208tf

EXHIBIT A
PAGE 10 OF 10