UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VAPORPATH, INC.,

    Plaintiff,

v.

WNA, INC., a Delaware Corporation, and NOVOLEX HOLDINGS, LLC, a Delaware limited liability company,

    Defendants.

CASE NO. 3:19-cv-05807-RBL

ORDER

# I. INTRODUCTION

THIS MATTER is before the Court on Defendants WNA Inc. and Novolex Holdings LLC's Motion to Dismiss for Lack of Personal Jurisdiction and/or Transfer Venue under 28 U.S.C. 1404. [Dkt. # 18]. The case involves competing forum selection clauses. Defendants argue that their clauses (requiring venue in South Carolina and Texas) are mandatory and are enforceable over Plaintiff Vaporpath's permissive clause (providing for venue here).

Vaporpath agreed to purchase disposable coffee cup lids from WNA. Vaporpath placed its first purchase order in August 2016. Vaporpath claims it included a copy of its terms and conditions with that and every subsequent purchase order. Its terms and conditions expressly

rejected any additional or different terms and required venue in Washington, in courts having jurisdiction "at its address:"

> BUYER EXPRESSLY OBJECTS TO AND **EXPRESSLY REJECTS ANY PROVISIONS ADDITIONAL TO OR DIFFERENT** THAN THE TERMS HEREOF. . . . [A]ll questions concerning the validity of this agreement, shall be governed by the laws of the State of Washington. Any suit, action or proceeding brought [under this contract] **shall be commenced and maintained solely in state or federal courts having jurisdiction at the Buyer's address**[.]

[Dkt. # 19, ex. 2] (emphasis added). In September 2016 WNA sent two shipments of lids to Vaporpath, along with order confirmations. WNA claims that it attached its own terms and conditions to those first two transactions. It conditioned its own acceptance of Vaporpath's order on Vaporpath's agreement to WNA's terms, which, it claims, required venue in Texas:

> Acceptance of Buyer's order is **expressly made conditional on assent** to the terms and conditions set forth herein . . . . [The contract] shall be governed and construed in accordance with the laws of the State of Texas. Seller and Buyer specifically agree that any legal action brought relating to goods purchased or relating to this contract **will be brought and tried in Texas**. All objections to venue are hereby waived by Buyer[.]

[Dkt. # 19, ex. 1] (emphasis added). In June 2018, Novolex purchased WNA. Vaporpath continued to buy lids from WNA. Novolex added a link to its terms and conditions to WNA's order confirmations in October 2018. Its terms and conditions required venue in South Carolina:

> Any claim, action, suit or other proceeding initiated under [this contract] **may be asserted, brought, prosecuted and maintained only** in federal or state court in the State of **South Carolina** having jurisdiction over the subject matter thereof, and the parties hereto hereby **waive** any and all **right to object to the laying of venue** in any such court[.]

[Dkt. # 20, ex. 4] (emphasis added).

The parties had ongoing disputes about the quality of the lids during their three-year business relationship. Vaporpath claims that the lids it bought were defective, that they fell off

1  cups, had no ventilation holes, and were contaminated with scrap plastic. Vaporpath sued for
2  breach of contract and warranty in August 2019.

3  Defendants move to dismiss Vaporpath's Complaint for lack of personal jurisdiction
4  and/or to transfer venue under 28 U.S.C. §1404(a). They argue that their forum selection clauses
5  are mandatory while Vaporpath's is only permissive. They argue that because there was no
6  conflict between Defendants' mandatory clauses and Vaporpath's permissive clause, each forum
7  selection clause became part of the parties' contract. Defendants argue that the case should be
8  dismissed because Vaporpath waived its right to claim that this Court has personal jurisdiction
9  over them by consenting to their mandatory forum selection clauses. Alternatively, they argue
10 that this case should be transferred to the district court of South Carolina, or Texas, because
11 Defendants' forum selection clauses require venue in those courts.

12 Vaporpath argues that its clause is mandatory and that it requires the parties to litigate all
13 lawsuits in this Court (or in Kitsap County Superior Court, which also has jurisdiction on
14 Bainbridge Island). It argues that its forum selection clause (and not Defendants) became part of
15 the contract through the parties' course of dealing. Alternatively, Vaporpath argues that neither
16 party's forum selection clause became part of the contract because the conflicting clauses
17 "knocked each other out" of the contract under the UCC. It argues that the Court has personal
18 jurisdiction over Defendants. The forum selection clauses do not change that because they are
19 not part of the contract and agreeing to venue is not the same as saying no other court has
20 personal jurisdiction. It also argues that Defendants' motion to transfer should be denied because
21 their forum selection clauses were knocked out of the contract and Vaporpath is entitled to its
22 choice of forum.

## II. DISCUSSION

**A. Interpretation of the Forum Selection Clauses**

Vaporpath concedes that Defendants' forum selection clauses are mandatory. But it contends that its own clause is also mandatory because it requires venue in this Court or Kitsap County Superior Court. Defendants argue that the language of Vaporpath's forum selection clause is permissive because it does not preclude suits in other courts that have jurisdiction over the parties.

Federal law applies to the interpretation and enforcement of forum selection clauses. *Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1205 (9th Cir. 2011). "[T]he common or normal meaning of language will be given to the words of a contract unless circumstances show that in a particular case a special meaning should be attached to it." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009) (quoting *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987)). A written contract should be read as a whole, and each part should be interpreted with reference to the whole. *Id.* (quoting *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999)).

Forum selection clauses may be either permissive or mandatory, but only the latter category will be enforced. *Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989). The parties must clearly express their intent to make jurisdiction exclusive. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 1995); *Koresko v. RealNetworks, Inc.*, 291 F. Supp. 2d 1157, 1162 (E.D. Cal. 2003) ("[A] forum selection clause with mandatory language 'mandates that the designated courts are the only ones which have jurisdiction.'" (quoting *Kachal, Inc. v. Menzie*, 738 F.Supp. 371, 377–78 (D. Nev. 1990)). "In the Ninth Circuit, when a forum selection clause uses mandatory language like "will" or "shall" in conjunction with a choice of "venue," the clause is not permissive." *Merrell v.*

*Renier*, No. C06-404JLR, 2006 WL 1587414, at *2 (W.D. Wash. June 6, 2006) (citing *Docksider*, 875 F.2d at 764).

A forum selection clause is mandatory even if it requires only that the parties litigate within a particular geographic area—not a specific court system. *See Koresko*, 291 F. Supp. 2d at 1162 (finding a clause requiring parties to bring lawsuits in "state and federal courts sitting in the State of Washington" mandatory). In *Neighborcare Health v. Porter* the court found a forum selection clause that provided "venue shall be proper only in Thurston County, Washington" mandatory because it required lawsuits to be brought in courts that geographically sit in Thurston County. No. C11-1391JLR, 2012 WL 13049188, at *4 (W.D. Wash. July 24, 2012).

Vaporpath's clause does not permit suit in every court with jurisdiction over Vaporpath—it permits suit only in the courts having jurisdiction at its address. Every purchase order sent during the parties' business relationship listed Vaporpath's Bainbridge Island, WA address (in Kitsap County). The only courts having jurisdiction *at this address* are this Court and Kitsap County Superior Court.

Defendants also argue that Vaporpath's use of the word "at" makes the clause permissive because a court does not have jurisdiction "at" a location. Regardless of Vaporpath's use of "at," its forum selection clause clearly requires that any action "*shall be commenced* and *maintained solely* in state or federal courts having jurisdiction at the Buyer's address." Like the clause in *Neighborcare*, Vaporpath's clause expressly mandates that the designated courts (this Court and Kitsap County Superior Court) are the only ones with jurisdiction over contractual disputes. This language excludes the possibility of suits against Vaporpath being maintained in alternate courts. The language of Vaporpath's forum-selection clause is mandatory and exclusive.

## B. Battle of the Forms

Vaporpath argues[1] that the parties' mandatory forum selection clauses are irreconcilable, and each is "knocked out" under UCC's "battle of the forms" analysis.

UCC § 2–207 governs contract formation where the parties in sales of goods exchange printed purchase order and acknowledgment forms but do not agree on all the terms of their contract. *Diamond Fruit Growers, Inc. v. Krack Corp.*, 794 F.2d 1440, 1442–43 (9th Cir. 1986). Section 2–207(1) converts the "common law counteroffer into an acceptance even though it states additional or different terms." *Idaho Power Co. v. Westinghouse Elec. Corp.*, 596 F.2d 924, 926 (9th Cir. 1979). The responding form must contain a definite and seasonable expression of acceptance. U.C.C. § 2–207(1). Terms of the responding form that correspond to the terms of the offer become part of the parties' contract. *Id.* Additional terms may become part of a contract between merchants under the rules in § 2–207(2).

However, under § 2-207(1) if the "definite and seasonable expression of acceptance expressly conditions acceptance on the offeror's assent to additional or different terms contained therein, the parties' differing forms do not result in a contract unless the offeror assents to the additional terms." *Diamond Fruit*, 794 F.2d at 1443. If the offeror does not expressly assent to the acceptor's additional terms and the parties proceed with the transaction as if they have a contract, § 2-207(3) provides that their performance results in formation of a contract. U.C.C. § 2–207(3). The terms of the contract are the terms that the parties' forms agree on, plus any terms supplied by the UCC. *Id.* "All of the terms on which the parties' forms do not agree drop out" of

---

[1] Vaporpath also argues that its forum selection clause (and not Defendants') is the operative one under the parties' course of dealing. It argues that its forum selection clause was incorporated into the contract during the two-year period where Vaporpath's orders included its clause, while Defendants corresponding order confirmations did not include any forum selection clause. The Court need not decide whether Vaporpath's clause became part of the contract in this manner, in order to rule on Defendants' Motion.

the contract. *Diamond Fruit*, 794 F.2d at 1444 (noting that § 2-207(3) gives neither party the terms it attempted to unilaterally impose). A course of dealing may supplement terms to a contract under § 2-207(3). *Morgan Tire of Sacramento, Inc. v. Goodyear Tire & Rubber Co.*, 60 F. Supp. 3d 1109, 1116 (E.D. Cal. 2014).

Defendants and Vaporpath exchanged purchase order and confirmation forms that contained different and additional terms—in September 2016 and from October 2018 to February 2019. Vaporpath expressly rejected any additional or different terms. And Defendants expressly conditioned their acceptance on Vaporpath's assent to the terms in Defendant's order confirmation form. The parties' combined writings did not establish a contract under § 2-207(1) because Vaporpath did not expressly assent to Defendants different or additional terms.

The parties proceeded with their transactions as if they had a contract, which led to the formation of a contract under § 2-207(3). Any terms that the parties' forms agreed on became part of the contract, and conflicting terms "knocked each other out." The parties' mandatory forum selection clauses conflict because each clause establishes exclusive jurisdiction in a different court. As a result, neither party's forum selection clause became part of the contract.

**C.  Personal Jurisdiction**

Defendants' lack of personal jurisdiction argument is based solely on their claim that their forum selection clauses are mandatory. They do not argue that the Court lacks specific or general jurisdiction over them, that they did not have the requisite minimum contacts or purposefully avail themselves of Washington laws, or make any of the more traditional jurisdictional arguments.

A Rule 12(b)(2) motion to dismiss is not the proper mechanism to enforce a forum selection clause pointing to a different forum. The Supreme Court has held that the appropriate method to enforce a forum-selection clause is through a motion to transfer under 28 U.S.C.

§ 1404(a) or a *forum non conveniens* motion. *See Atlantic Marine Const. Co. v. U.S. District Court*, 571 U.S. 49, 59–61 (2013).

Defendants cite no authority for the proposition that a court *lacks* personal jurisdiction over a defendant solely because a forum selection clause exists. As Vaporpath correctly points out, a forum selection clause is typically used to oppose a 12(b)(2) motion to dismiss on the theory that the defendant waived its objections to personal jurisdiction by agreeing to a forum selection clause. *See Chan v. Soc'y Expeditions*, Inc., 39 F.3d 1398, 1406–07 (9th Cir. 1994). Defendants' forum selection clauses are not controlling because they are not part of the contract. Because Defendants offer no additional reasons why the Court lacks personal jurisdiction over them, their Motion to Dismiss for Lack of Personal Jurisdiction is DENIED.

**D. Transfer Venue**

Like Defendants' personal jurisdiction argument, their transfer of venue argument is based solely on their claim that their forum selection clauses are mandatory. They do not argue that this Court is inconvenient, or make or address any of the more traditional 28 U.S.C. § 1404(a) arguments.

Under 28 U.S.C. § 1404(a), the court can transfer a case to another district in which venue would be proper based in convenience and justice. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Atlantic Marine*, 571 U.S. at 62.

The parties' contract does not contain any forum selection clause that would mandate transfer of this case under § 1404(a) because Defendants' forum selection clauses were knocked out. Because Defendants do not argue or demonstrate that this Court is an inconvenient forum or

that any public or private interests weigh in favor of a transfer, their Motion to Transfer Venue is DENIED.

### III. CONCLUSION

Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and/or Transfer Venue is DENIED. [Dkt. # 18].

IT IS SO ORDERED.

Dated this 3rd day of December, 2019.

Ronald B. Leighton
United States District Judge